# Exhibit 3

Code of Virginia
Title 40.1. Labor and Employment
Chapter 3. Protection of Employees
Article 2. Pay; Assignment of Wages; Sale of Merchandise to Employees

# § 40.1-29. Time and medium of payment; withholding wages; written statement of earnings; agreement for forfeiture of wages; proceedings to enforce compliance; penalties

A. All employers operating a business or engaging an individual to perform domestic service shall establish regular pay periods and rates of pay for employees except executive personnel. All such employers shall pay salaried employees at least once each month and employees paid on an hourly rate at least once every two weeks or twice in each month, except that (i) a student who is currently enrolled in a work-study program or its equivalent administered by any secondary school, institution of higher education, or trade school, and (ii) employees whose weekly wages total more than 150 percent of the average weekly wage of the Commonwealth as defined in § 65.2-500, upon agreement by each affected employee, may be paid once each month if the institution or employer so chooses. Upon termination of employment an employee shall be paid all wages or salaries due him for work performed prior thereto; such payment shall be made on or before the date on which he would have been paid for such work had his employment not been terminated.

B. Payment of wages or salaries shall be (i) in lawful money of the United States, (ii) by check payable at face value upon demand in lawful money of the United States, (iii) by electronic automated fund transfer in lawful money of the United States into an account in the name of the employee at a financial institution designated by the employee, or (iv) by credit to a prepaid debit card or card account from which the employee is able to withdraw or transfer funds with full written disclosure by the employer of any applicable fees and affirmative consent thereto by the employee. However, an employer that elects not to pay wages or salaries in accordance with clause (i) or (ii) to an employee who is hired after January 1, 2010, shall be permitted to pay wages or salaries by credit to a prepaid debit card or card account in accordance with clause (iv), even though such employee has not affirmatively consented thereto, if the employee fails to designate an account at a financial institution in accordance with clause (iii) and the employer arranges for such card or card account to be issued through a network system through which the employee shall have the ability to make at least one free withdrawal or transfer per pay period, which withdrawal may be for any sum in such card or card account as the employee may elect, using such card or card account at financial institutions participating in such network system.

C. No employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee. On each regular pay date, each employer, other than an employer engaged in agricultural employment including agribusiness and forestry, shall provide to each employee a written statement, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked or (ii) a salary that is less than the standard salary level adopted by regulation of the U.S. Department of Labor pursuant to § 13(a)(1) of the federal Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), as amended, establishing an exemption from the Act's overtime premium pay requirements; the rate of pay; the gross wages earned by

the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated. An employer engaged in agricultural employment including agribusiness and forestry, upon request of its employee, shall furnish the employee a written statement of the gross wages earned by the employee during any pay period and the amount and purpose of any deductions therefrom.

D. No employer shall require any employee, except executive personnel, to sign any contract or agreement which provides for the forfeiture of the employee's wages for time worked as a condition of employment or the continuance therein, except as otherwise provided by law.

E. An employer who willfully and with intent to defraud fails or refuses to pay wages in accordance with this section or § 40.1-29.2, unless the failure to pay was because of a bona fide dispute between the employer and its employee:

1. To an employee or employees is guilty of a Class 1 misdemeanor if the value of the wages earned and not paid by the employer is less than $10,000; and

2. To an employee or employees is guilty of a Class 6 felony (i) if the value of the wages earned and not paid is $10,000 or more or (ii) regardless of the value of the wages earned and not paid, if the conviction is a second or subsequent conviction under this section or § 40.1-29.2.

For purposes of this section, the determination as to the "value of the wages earned" shall be made by combining all wages the employer failed or refused to pay pursuant to this section and § 40.1-29.2.

F. The Commissioner may require a written complaint of the violation of this section or § 40.1-29.2 and, with the written and signed consent of an employee, may institute proceedings on behalf of an employee to enforce compliance with this section or § 40.1-29.2, and to collect any moneys unlawfully withheld from such employee that shall be paid to the employee entitled thereto. In addition, following the issuance of a final order by the Commissioner or a court, the Commissioner may engage private counsel, approved by the Attorney General, to collect any moneys owed to the employee or the Commonwealth. Upon entry of a final order of the Commissioner, or upon entry of a judgment, against the employer, the Commissioner or the court shall assess attorney fees of one-third of the amount set forth in the final order or judgment.

G. In addition to being subject to any other penalty provided by the provisions of this section, any employer who fails to make payment of wages in accordance with subsection A or § 40.1-29.2 shall be liable for the payment of all wages due, and an additional equal amount as liquidated damages, plus interest at an annual rate of eight percent accruing from the date the wages were due.

H. Any employer who knowingly fails to make payment of wages in accordance with subsection A or § 40.1-29.2 shall be subject to a civil penalty not to exceed $1,000 for each violation. The Commissioner shall notify any employer that the Commissioner alleges has violated any provision of this section or § 40.1-29.2 by certified mail. Such notice shall contain a description of the alleged violation. Within 15 days of receipt of notice of the alleged violation, the employer may request an informal conference regarding such violation with the Commissioner. In determining the amount of any penalty to be imposed, the Commissioner shall consider the size of the business of the employer charged and the gravity of the violation. The decision of the

Commissioner shall be final. Civil penalties owed under this section shall be paid to the Commissioner for deposit into the general fund of the State Treasurer. The Commissioner shall prescribe procedures for the payment of proposed assessments of penalties that are not contested by employers. Such procedures shall include provisions for an employer to consent to abatement of the alleged violation and pay a proposed penalty or a negotiated sum in lieu of such penalty without admission of any civil liability arising from such alleged violation.

I. Final orders of the Commissioner, the general district courts, or the circuit courts may be recorded, enforced, and satisfied as orders or decrees of a circuit court upon certification of such orders by the Commissioner or the court as appropriate.

J. In addition to any civil or criminal penalty provided by this section, and without regard to any exhaustion of alternative administrative remedies provided for in this section, if an employer fails to pay wages to an employee in accordance with this section or § 40.1-29.2, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section or § 40.1-29.2, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs.

K. As used in this section, a person acts "knowingly" if the person, with respect to information, (i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information. Establishing that a person acted knowingly shall not require proof of specific intent to defraud.

L. An action under this section or § 40.1-29.2 shall be commenced within three years after the cause of action accrued. The period for filing is tolled upon the filing of an administrative action under subsection F until the employee has been informed that the action has been resolved or until the employee has withdrawn the complaint, whichever is sooner.

Code 1950, § 40-24; 1962, c. 66; 1966, c. 88; 1968, c. 262; 1970, c. 321; 1972, c. 848; 1977, c. 308; 1979, c. 50; 1989, c. 583; 1991, c. 499; 1993, c. 600; 2002, c. 321;2003, c. 638;2004, c. 358;2005, cc. 595, 851;2009, c. 728;2016, c. 593;2019, cc. 836, 845;2020, cc. 202, 868, 1038;2021, Sp. Sess. I, cc. 445, 513.

The chapters of the acts of assembly referenced in the historical citation at the end of this section(s) may not constitute a comprehensive list of such chapters and may exclude chapters whose provisions have expired.