**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

ANNE FIERBAUGH, on behalf of herself and
all others similarly situated,

        Plaintiff,

     v.

CAPITAL ONE SERVICES, LLC,

       Defendant.

Case No. 3:24-CV-00901

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The preamble and headings do not contain factual allegations requiring a response. To the extent that the preamble and headings contain factual allegations requiring a response, Defendant denies the allegations in the preamble and headings except to admit that Plaintiff has brought this action.

1.     Paragraph 1 contains conclusions of law to which no response is required. To the extent that Paragraph 1 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 1, except to admit that Capital One has employed more than 300 associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels ("Learning Associates") who were classified as exempt from overtime within the time period from December 20, 2021 to the present.[1]

---

[1] Defendant denies that the relevant time period for this lawsuit is three years. Under the FLSA, a two-year limitations period applies, except in the case of a willful violation. 29 U.S.C. § 255(a). The same rule applies under Virginia law. Va. Code § 40.1-29.2 (adopting the FLSA's "applicable limitations").

2.      Paragraph 2 contains conclusions of law to which no response is required.  To the extent that Paragraph 2 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent that Paragraph 3 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 3, except to admit that some Learning Associates' work duties include meeting with subject matter experts, conducting surveys, gathering data, summarizing data, preparing slides, presenting training classes, moderating meetings, answering questions, and/or participating in meetings, among other things.

4.      Defendant denies the allegations in Paragraph 4, except to admit that some Learning Associates lead training sessions where they teach the curricula.  In addition, some Learning Associates write or create curricula.

5.      Defendant denies the allegations in Paragraph 5, except to admit that Learning Associates (i.e., associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels) do not lead any line of business.

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent that Paragraph 6 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 6.

7.      Paragraph 7 contains conclusions of law to which no response is required.  To the extent that Paragraph 7 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 7.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent that Paragraph 8 contains factual allegations requiring a response, Defendant denies the

allegations in Paragraph 8, except to admit that Fierbaugh was employed by Capital One from September 24, 2012 until June 1, 2024.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent that Paragraph 9 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 9.

10. Paragraph 10 contains conclusions of law to which no response is required.

11. Paragraph 11 contains conclusions of law to which no response is required.

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent that Paragraph 12 contains factual allegations requiring a response, Defendant lacks knowledge or information sufficient to form a belief as to where the alleged events in controversy occurred and on that basis denies the allegations in Paragraph 12.

13. Paragraph 13 contains conclusions of law to which no response is required.

14. Paragraph 14 contains conclusions of law to which no response is required. To the extent that Paragraph 14 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 14, except to admit that Fierbaugh was employed by Capital One from September 24, 2012 until June 1, 2024, and that between December 20, 2021 and June 1, 2024 Plaintiff was employed as a Senior Learning Associate. Defendant lacks knowledge or information sufficient to form a belief as to where Plaintiff resides and on that basis denies this allegation in Paragraph 14.

15. Paragraph 15 contains conclusions of law to which no response is required. To the extent that Paragraph 15 contains factual allegations requiring a response, Defendant admits them.

16.    Defendant denies the allegations in Paragraph 16, except to admit that Fierbaugh was employed by Capital One from September 24, 2012 until her termination on June 1, 2024. Fierbaugh took multiple leaves of absence during her employment with Capital One.

17.    Defendant denies the allegations in Paragraph 17, except to admit that Fierbaugh was employed by Capital One as a Sr. Learning Associate between December 20, 2021 and June 1, 2024.

18.    Defendant denies the allegations in Paragraph 18, except to admit that Fierbaugh's job level at Capital One between December 20, 2021 and June 1, 2024 was Senior Associate.

19.    Defendant lacks knowledge or information sufficient to form a belief as to whether Fierbaugh worked remotely from her home as opposed to another location and on that basis denies this allegation in Paragraph 19.  Defendant denies the remaining allegations in Paragraph 19, except to admit that Fierbaugh sometimes worked from Capital One's location in Goochland County, Virginia known as the "West Creek" campus.

20.    Paragraph 20 contains conclusions of law to which no response is required.  To the extent that Paragraph 20 contains factual allegations requiring a response, Defendant denies them, except to admit that Fierbaugh's duties included managing training programs; facilitating trainings; preparing training materials, including slides; gathering, summarizing, and analyzing data and information from various sources; meeting with subject matter experts; moderating and participating in meetings; conducting and analyzing surveys; and answering questions, among other things.  Defendant further denies that "Fierbaugh's primary duties were clerical and administrative support in nature."

21.    Paragraph 21 contains conclusions of law to which no response is required.  To the extent that Paragraph 21 contains factual allegations requiring a response, Defendant denies them.

4

22.    Paragraph 22 contains conclusions of law to which no response is required.  To the extent that Paragraph 22 contains factual allegations requiring a response, Defendant denies them.

23.    Defendant denies the allegations in Paragraph 23, except to admit that Fierbaugh collaborated with other employees to determine the objectives of trainings that she managed and that she was responsible developing training materials and leading trainings that met those objectives.

24.    Admitted.

25.    Denied.

26.    Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 26 at this time and on that basis denies them.

27.    Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 27 at this time and on that basis denies them.

28.    Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 28 at this time and on that basis denies them.

29.    Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 29 at this time and on that basis denies them.

30.    Defendant admits that Fierbaugh had remote access to log on and perform her job duties outside the office.  Defendant lacks knowledge or information sufficient to form a response to the remaining allegations in Paragraph 30 at this time and on that basis denies them.

31.    Defendant admits that Fierbaugh had a Capital One-issued cell phone.  Defendant lacks knowledge or information sufficient to form a response to the remaining allegations in Paragraph 31 at this time and on that basis denies them.

32.     Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 32 at this time and on that basis denies them.

33.     Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 33 at this time and on that basis denies them.

34.     Paragraph 34 contains conclusions of law to which no response is required.  To the extent that Paragraph 34 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 34, except to admit that Capital One properly classified Plaintiff as exempt from overtime between December 20, 2021 and June 1, 2024, and therefore did not pay her overtime compensation.

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the extent that Paragraph 35 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36, except to admit that at Capital One, some Learning Associates work in the Learning & Development department, which sits within the Human Resources department.

37.     Defendant denies the allegations in Paragraph 37, except to admit that Capital One may refer to certain internal employee training as "Learning," among other things.

38.     Defendant denies the allegations in Paragraph 38, except to admit that Learning Associates support Capital One's training needs across the company, among other things.

39.     Defendant denies the allegations in Paragraph 39, except to admit that most Capital One employees are classified within one of fourteen job levels that range in seniority as follows: Coordinator, Senior Coordinator, Principal Coordinator, Associate, Senior Associate, Principal

Associate, Manager, Senior Manager, Director, Senior Director, Vice President, Managing Vice President, Senior Vice President, and Executive Vice President.

40.     Admitted.

41.     Paragraph 41 does not contain a factual allegation requiring a response.  To the extent that Paragraph 41 contains factual allegations requiring a response, Defendant denies that it uses the term "non-managerial" to refer to associates who did not directly supervise two or more full-time employees.

42.     Defendant denies the allegations in Paragraph 42, except to admit that it uses the term "People Leaders" to refer to employees who directly supervise one or more full-time employees.

43.     Defendant denies the allegations in Paragraph 43, except to admit that it uses the term "Individual Contributor" to refer to employees who do not directly supervise one or more full-time employees.

44.     Admitted.

45.     Defendant denies the allegations in Paragraph 45, except to admit that some employees at the Associate job level are "Individual Contributors."

46.     Defendant denies the allegations in Paragraph 46, except to admit that some employees at the Senior Associate job level are "Individual Contributors."

47.     Defendant denies the allegations in Paragraph 47, except to admit that some employees at the Senior Associate job level are classified as exempt from overtime.

48.     Defendant denies the allegations in Paragraph 48, except to admit that some employees at the Principal Associate job level are "Individual Contributors."

49.     Defendant denies the allegations in Paragraph 49, except to admit that some employees at the Principal Associate job level are classified as exempt from overtime.

50.     Defendant denies the allegations in Paragraph 50, except to admit that employees at the Manager or Senior Manager level can be either "Individual Contributors" or "People Leaders."

51.     Defendant denies the allegations in Paragraph 51, except to admit that some employees at the Manager and Senior Manager job levels are classified as exempt from overtime.

52.     Defendant denies the allegations in paragraph 52, except to admit that Capital One's internal records contain information which may allow Capital One to identify Learning Associates (i.e., associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels) and the number of full-time employees they directly supervised within the past three years.

53.     Denied.

54.     Paragraph 54 contains conclusions of law to which no response is required.

55.     Denied.

56.     Denied.

57.     Defendant denies the allegations in Paragraph 57, except to admit that some Learning Associates' work duties include gathering, summarizing, and analyzing information and data from various sources; preparing slides; meeting with subject matter experts; developing training curricula; moderating or leading trainings; conducting surveys and evaluations; and summarizing and analyzing survey and evaluation responses, among other things.  Defendant further denies that these duties constitute "administrative support" or reflect Learning Associates' primary duties.

58.    Defendant denies the allegations in Paragraph 58, except to admit that Learning Associates are sometimes asked to provide recommendations or improvements to the format or process of training programs.

59.    Defendant denies the allegations in Paragraph 59.

60.    Defendant denies the allegations in Paragraph 60.

61.    Paragraph 61 contains conclusions of law to which no response is required.  To the extent Paragraph 61 contains factual allegations requiring a response, Defendant denies them, except to admit that Fierbaugh did not supervise other employees and that some Learning Associates do not supervise other employees.

62.    Paragraph 62 contains conclusions of law to which no response is required.  To the extent Paragraph 62 contains factual allegations requiring a response, Defendant denies them.

63.    Denied.

64.    Paragraph 64 contains conclusions of law to which no response is required. To the extent that Paragraph 64 contains factual allegations requiring a response, Defendant denies them.

65.    Paragraph 65 does not contain a factual allegation requiring a response.

   a.  Paragraph 65(a) contains conclusions of law to which no response is required. To the extent that Paragraph 65(a) contains factual allegations requiring a response, Defendant denies them.

   b.  Paragraph 65(b) contains conclusions of law to which no response is required. To the extent that Paragraph 65(b) contains factual allegations requiring a response, Defendant denies them.

   c.  Paragraph 65(c) contains conclusions of law to which no response is required. To the extent that Paragraph 65(c) contains factual allegations

requiring a response, Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 65(c) and on that basis denies them.

d.  Paragraph 65(d) contains conclusions of law to which no response is required. To the extent that Paragraph 65(d) contains factual allegations requiring a response, Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 65(d) and on that basis denies them.

e.  Paragraph 65(e) contains conclusions of law to which no response is required. To the extent that Paragraph 65(e) contains factual allegations requiring a response, Defendant denies them.

66.    Paragraph 66 contains conclusions of law to which no response is required.  To the extent that Paragraph 66 contains factual allegations requiring a response, Defendant denies them.

67.    Paragraph 67 contains conclusions of law to which no response is required.  To the extent that Paragraph 67 contains factual allegations requiring a response, Defendant denies them.

68.    Defendant denies the allegations of Paragraph 68, except to admit that Learning Associates at the Associate level and above are classified as exempt from overtime.

69.    Defendant denies the allegations of Paragraph 69, except to admit that Learning Associates at the Associate level and above are classified as exempt from overtime and thus were not required to keep precise track of their hours worked.

70.    Defendant denies the allegations of Paragraph 70, except to admit that Capital One does not maintain precise timekeeping records of the hours worked by exempt employees.

71.    Denied.

72.     Defendant denies the allegations of Paragraph 72, except to admit that Capital One issued laptops and phones to some Learning Associates.

73.     Defendant denies the allegations of Paragraph 73, except to admit that Capital One did not pay Learning Associates classified as exempt an overtime premium

74.     Paragraph 74 contains conclusions of law to which no response is required.  To the extent that Paragraph 74 contains factual allegations requiring a response, Defendant denies them.

75.     Admitted.

76.     Defendant denies the allegations in Paragraph 76, except to admit that Capital One is in possession of some records including badge swipes, emails, and instant messaging for at least some Learning Associates.

77.     Paragraph 77 contains a legal conclusion to which no response is required.  To the extent that Paragraph 77 contains factual allegations requiring a response, Defendant denies them.

78.     Paragraph 78 contains a legal conclusion to which no response is required.  To the extent that Paragraph 78 contains factual allegations requiring a response, Defendant denies them.

79.     Defendant denies the allegations in Paragraph 79, except to admit that Capital One classifies Learning Associates (i.e., associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels) as exempt from overtime.

80.     Defendant denies the allegations in Paragraph 80, except to admit that Capital One has a performance management process to evaluate its employees' performance, which is based on results and competencies.

81.     Denied.

82.     Defendant denies the allegations in Paragraph 82, except to admit that Capital One holds meetings to align on the results and competency expectations differentiating rating categories based upon the relative performance of certain employees twice per year and that those meetings are referred to as "Cross Calibrations."

83.     Defendant lacks knowledge or information sufficient to form a response to the allegations in Paragraph 83 at this time and on that basis denies them.

84.     Defendant denies the allegations in Paragraph 84, except to admit that People Leaders sometimes propose a rating for each of the employees that they supervise in advance of Cross Calibration discussions.

85.     Denied.

86.     Denied.

87.     Admitted.

88.     Defendant denies the allegations in Paragraph 88, except to admit that employees who have different supervisors, perform different duties, have different objective metrics, and have different job titles may be evaluated together during the Cross Calibration process.

89.     Defendant denies the allegations in Paragraph 89, except to admit that the relative performance of Learning Associates with different supervisors may be evaluated during the Cross Calibration process.

90.     Admitted.

91.     Denied.

92.     Denied.

93.     Paragraph 93 is a conclusion of law to which no response is required.  To the extent Paragraph 93 contains factual allegations requiring a response, Defendant denies them.

94.    Denied.

95.    Denied.

96.    Paragraph 96 is a conclusion of law to which no response is required.  To the extent Paragraph 96 contains factual allegations requiring a response, Defendant denies them, except to admit that Plaintiff has filed a lawsuit seeking to represent a putative collective.

97.    Defendant denies the allegations in Paragraph 97, except to admit that it employs, and has employed, multiple persons with the job title of "Learning Associate."

98.    Paragraph 98 is a conclusion of law to which no response is required.  To the extent Paragraph 98 contains factual allegations requiring a response, Defendant denies them.

99.    Paragraph 99 is a conclusion of law to which no response is required.  To the extent Paragraph 99 contains factual allegations requiring a response, Defendant denies them.

100.    Defendant denies the allegations in Paragraph 100, except to admit that Learning Associates (i.e., associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels) are classified as exempt from overtime.

101.    Paragraph 101 contains a conclusion of law to which no response is required.  To the extent Paragraph 101 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 101, except to admit that Capital One does not maintain precise timekeeping records of the hours worked by exempt employees.

102.    Paragraph 102 contains a conclusion of law to which no response is required.  To the extent Paragraph 102 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 102, except to admit that Learning Associates (i.e., associates within the

"Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels) are classified as exempt from overtime.

103.    Paragraph 103 contains a conclusion of law to which no response is required.  To the extent Paragraph 103 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 103, except to admit that it maintains records of the identities, exemption status, and job level of its Learning Associates (i.e., associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels).

104.    Paragraph 104 contains a conclusion of law to which no response is required.  To the extent Paragraph 104 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 104, except to admit that Plaintiff seeks to define her proposed FLSA "collective" in the manner alleged in Paragraph 104.

105.    Paragraph 105 contains a conclusion of law to which no response is required.  To the extent Paragraph 105 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 105, except to admit that Plaintiff seeks to define her proposed FLSA "collective" as alleged in Paragraph 105.

106.    Paragraph 106 contains a conclusion of law to which no response is required.  To the extent Paragraph 106 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 106, except to admit that Plaintiff seeks to define her proposed FLSA "collective" as alleged in Paragraph 106.

107.    Paragraph 107 contains a conclusion of law to which no response is required.  To the extent Paragraph 107 contains factual allegations requiring a response,  Defendant denies the allegations in Paragraph 107, except to admit that Plaintiff seeks to define her proposed FLSA "collective" as alleged in Paragraph 107.

108.    Paragraph 108 contains a conclusion of law to which no response is required.   To the extent Paragraph 108 contains factual allegations requiring a response, Defendant denies them.

109.    Paragraph 109 contains a conclusion of law to which no response is required.   To the extent Paragraph 109 contains factual allegations requiring a response, Defendant denies them.

110.    Paragraph 110 is a conclusion of law to which no response is required. To the extent Paragraph 110 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 110, except to admit that Learning Associates (i.e., associates within the "Learning" job family at the Associate, Senior Associate, Principal Associate, Manager, or Senior Manager job levels) are properly classified as exempt from federal overtime laws.

111.    Defendant respectfully refers the Court to the document cited in Paragraph 111 for a complete and accurate description of its content.

112.    Paragraph 112 contains a conclusion of law to which no response is required.  To the extent Paragraph 112 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 112, except to admit that Plaintiff seeks to define her proposed "Virginia Rule 23 Class" in the manner alleged in Paragraph 112.

113.    Paragraph 113 contains a conclusion of law to which no response is required.  To the extent Paragraph 113 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 113, except to admit that Plaintiff seeks to serve as class representative for her proposed "Virginia Rule 23 Class."

114.    Paragraph 114 contains a conclusion of law to which no response is required.  To the extent Paragraph 114 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 114, except to admit that Plaintiff seeks to define the relevant time period as alleged in Paragraph 114.

115.    Defendant respectfully refers the Court to the statutory provision cited in Paragraph 115 for a complete and accurate description of its content.

116.    Defendant respectfully refers the Court to the statutory provision cited in Paragraph 116 for a complete and accurate description of its content.

117.    Defendant respectfully refers the Court to the statutory provision cited in Paragraph 117 for a complete and accurate description of its content.

118.    Paragraph 118 is a conclusion of law to which no response is required.  To the extent Paragraph 118 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 118.

119.    Paragraph 119 is a conclusion of law to which no response is required.  To the extent Paragraph 119 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 119.

120.    Paragraph 120 is a conclusion of law to which no response is required.  To the extent Paragraph 120 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 120.

121.    Paragraph 121 is a conclusion of law to which no response is required.  To the extent Paragraph 121 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 121.

122.    Paragraph 122 is a conclusion of law to which no response is required.  To the extent Paragraph 122 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 122.

123.    Paragraph 123 is a conclusion of law to which no response is required.  To the extent Paragraph 123 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 123.

124.    Defendant respectfully refers the Court to the statutory provision cited in Paragraph 124 for a complete and accurate description of its content.

125.    Paragraph 125 is a conclusion of law to which no response is required. To the extent Paragraph 125 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 125.

126.    Paragraph 126 is a conclusion of law to which no response is required.  To the extent that Paragraph 126 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 126.

127.    Paragraph 127 is a conclusion of law to which no response is required. To the extent that Paragraph 127 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 127.

128.    Paragraph 128 is a conclusion of law to which no response is required. To the extent that Paragraph 128 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 128.

129.    Paragraph 129 is a conclusion of law to which no response is required. To the extent that Paragraph 129 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 129.

130.    Paragraph 130 is a conclusion of law to which no response is required.

131.    Paragraph 131 is a conclusion of law to which no response is required.

132.    Paragraph 132 is a conclusion of law to which no response is required.  To the extent that Paragraph 132 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 132, except to admit that Plaintiff and alleged members of the putative Virginia Rule 23 Class were or have been employed by Defendant within the three years prior to the filing of this action.

133.    Paragraph 133 is a conclusion of law to which no response is required.  To the extent that Paragraph 133 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 133.

134.    Paragraph 134 is a conclusion of law to which no response is required. To the extent, Paragraph 134 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 134.

135.    Paragraph 135 is a conclusion of law to which no response is required. To the extent, Paragraph 135 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 135.

136.    Paragraph 136 is a conclusion of law to which no response is required. To the extent that Paragraph 136 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 136.

137.    Paragraph 137 is a conclusion of law to which no response is required.  To the extent that Paragraph 137 contains factual allegations requiring a response, Defendant denies the allegations in Paragraph 137 except to admit that Plaintiff seeks damages as described in Paragraph 137.

Defendant denies all allegations in the Relief Requested, denies that any judgment against it is appropriate, denies all liability, and denies that Plaintiff is entitled to any of the relief requested or any other relief.

Defendant demands a jury trial in Richmond, Virginia, for all issues so triable.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Amended Complaint, Capital One asserts and alleges the following separate and additional defenses. By setting forth these defenses, Capital One does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

### First Defense

Plaintiff's Amended Complaint fails to state a claim, in whole or in part, against Defendant upon which relief may be granted, either on her own behalf or on behalf of those persons she purports to include or represent in this lawsuit.

### Second Defense

Plaintiff's claims are barred pursuant to the overtime exemptions set forth under the FLSA, including, but not limited to the administrative exemption, the executive exemption, the professional exemption, the combination exemption, and/or, depending on compensation, the highly compensated employee exemption.

### Third Defense

The claims in Plaintiff's Amended Complaint may not be maintained as a collective action under the FLSA because Plaintiff is not similarly situated to the members of the putative FLSA collective, and she cannot establish the existence of the requirements for certification of a collective under 29 U.S.C. § 216(b) or other relevant legal authority.

### Fourth Defense

The claims in Plaintiff's Amended Complaint may not be maintained as a class action under the VOWA because Plaintiff is not similarly situated to the members of the putative VOWA collective, and she cannot establish the existence of the requirements for certification of a class action under Fed. R. Civ. P. 23(b)(3) or other relevant legal authority.

### Fifth Defense

Defendant at all times, and in all manners, acted in accordance with any and all duties and obligations under the FLSA and its respective regulations.

### Sixth Defense

Defendant at all times, and in all manners, acted in accordance with any and all duties and obligations under VOWA and its respective regulations.

### Seventh Defense

Plaintiff has received full payment for all work performed, thereby barring her claims.

### Eighth Defense

Plaintiff's claims are barred or limited by the applicable statute of limitations.

### Ninth Defense

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Tenth Defense

Plaintiff's Amended Complaint, as to all factual allegations and causes of action asserted against Defendant, is barred to the extent the *de minimis* doctrine applies to Plaintiff's and/or putative class or collective members' claims.

**Eleventh Defense**

To the extent Plaintiff and/or putative class or collective members are entitled to damages, Defendant is entitled to a setoff for any prior payments of wages or other consideration previously provided to those parties.

**Twelfth Defense**

Plaintiff's Amended Complaint, as to all factual allegations and causes of action asserted against Defendant, is barred, in whole or in part, by the doctrine of estoppel.

**Thirteenth Defense**

Plaintiff's Amended Complaint, as to all factual allegations and causes of action asserted against Defendant, is barred, in whole or in part, by the doctrine of laches.

**Fourteenth Defense**

Defendant has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, available separate defenses. Defendant reserves the right to amend this Answer, to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of Plaintiff's Amended Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

Dated: July 23, 2025

  *s/ Jason C. Schwartz*
Jason C. Schwartz, VA Bar No. 43635
Naima L. Farrell (*pro hac vice*)
Thomas J. McCormac IV (*pro hac vice*)
Alexandria C. Murphy (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036-4504
Telephone:  202.955.8500
Fax:  202.467.0539
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
tmccormac@gibsondunn.com
amurphy@gibsondunn.com

*Attorneys for Defendant Capital One Services, LLC*

Respectfully submitted,


Sean M. Gibbons, VA Bar No. 40981
ROTH JACKSON
1519 Summit Avenue, Suite 102
Richmond, VA 23230
Telephone:  804.441.8442
Fax:  804.441.8438
sgibbons@rothjackson.com

Genevieve C. Bradley, VA Bar No. 83325
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22102
Telephone:  703.485.3531
Fax:  703.485.3525
gbradley@rothjackson.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this the 23rd day of July, 2025, I electronically

filed the above and foregoing document via the Court's CM/ECF system, which will send

notification of said filing to all counsel of record.

<u>*s/ Jason C. Schwartz*</u>
Jason C. Schwartz