UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANNE FIERBAUGH, on behalf of herself )
and all others similarly situated, )
)
    Plaintiff, )
)
v. ) Case No. 3:24-cv-00901-HEH
)
CAPITAL ONE SERVICES, LLC, )
)
    Defendant. )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Dismiss and/or Strike)

This matter is before the Court on a Motion to Dismiss and/or Strike (the "Motion," ECF No. 19) filed by Defendant Capital One Services, LLC ("Capital One") on March 25, 2025. Capital One moves to dismiss Plaintiff's First Amended Complaint (ECF No. 5) pursuant to Fed. R. Civ. P. 12(b)(6), 12(f), and 23(d)(1)(D). (Mot. at 1; Mem. in Supp. at 4, 5, 25, ECF No. 20.) The parties filed memoranda in support of their respective positions, and the motion is ripe for review. After hearing oral argument on July 9, 2025, the Court denied the Motion for the reasons articulated below.

### I.    BACKGROUND

Plaintiff Anne Fierbaugh ("Plaintiff") and members of the putative collective and the putative class work (or formerly worked) for Capital One in Virginia. (Am. Compl. at 1.) Plaintiff worked for Capital One from approximately 2012 to June 1, 2024 as a Senior Learning Associate, which is a non-managerial position. (*Id.* at 3.) Like Plaintiff, the members of the putative class and putative collective also held roles as non-managerial Learning Associates. (*Id.*)

Capital One's Learning Associates are human resources ("HR") employees responsible for training and educating the company's other employees on HR policies. (Am. Compl. at 2, 6.) The primary work duties of Learning Associates include meeting with subject matter experts, conducting surveys, gathering data, summarizing data, direction-following, preparing slides (called "decks"), memorizing information, presenting training classes, moderating meetings, answering questions, and participating in meetings. (*Id.*) Learning Associates at Capital One are akin to teacher's aides. (*Id.*) They do not write or create curriculum or policies; rather, they provide administrative support and can lead training sessions. (*Id.*)

According to the Amended Complaint, Learning Associates were expected to work at least 45 hours each week. (*Id.* at 2, 4.) Plaintiff "typically worked for Capital One for more than 50 hours each week, including time worked before and after regular work hours, and on weekends." (*Id.* at 5.) "When working from home, Plaintiff typically worked from 6:30 a.m. to around 4:00 p.m., Mondays through Fridays" in addition to hours she worked in the evenings and on weekends. (*Id.*) Plaintiff also alleged that she "typically worked through lunch or ate lunch while working" during weekdays. (*Id.*) Further, she performed some functions of her job, like preparing PowerPoint "Decks," while on vacation. (*Id.*)

Plaintiff asserts that Capital One did not pay her overtime rates, even though she worked overtime hours, because it classified Learning Associates as exempt from the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Virginia Overtime Wage Act, Virginia Code § 40.1-29.2 ("VOWA"). (*Id.* at 2, 5, 10–11.) Plaintiff alleges

2

that Capital One also classified most or all its Learning Associates as "exempt" from FLSA's and VOWA's overtime rates. (*Id.* at 6–7.)

Plaintiff brings this FLSA collective action pursuant to 29 U.S.C. § 216(b) as a representative of, and on behalf of, similarly situated Learning Associates. (*Id.* at 14.) She defines the putative FLSA "collective" of similarly situated employees as follows:

> Any individual who, during any week in the prior three years: (1) worked for Capital One as a "Learning Associate", (2) was classified as exempt from overtime laws, (3) worked over forty (40) hours in any week, and (4) was not a "people manager" in any such week ("Non-Managerial Learning Associates").

(*Id.*)

Plaintiff also brings a class action under Federal Rule of Civil Procedure 23 alleging VOWA violations for the time period beginning three (3) years prior to the commencement of this action. (*Id.* at 15–17.) She sues on behalf of herself and the putative "Virginia Rule 23 Class," which she defines as follows:

> Any individual who, during any week since December 20, 2021: (1) worked in Virginia for Capital One as a "Learning Associate", (2) was classified as exempt from overtime laws, (3) worked over forty (40) hours in any week, and (4) was not a "people manager" in any such week.

(*Id.* at 15.) Plaintiff estimates that approximately 200 or more individuals are putative class members for the VOWA claim. (*Id.*)

Plaintiff identifies two (2) Counts in her Amended Complaint: violations of FLSA overtime provisions (Count 1) and violations of the Virginia Overtime Wage Act (Count 2). (*Id.* at 17–19.) Plaintiff seeks damages on behalf of herself, the putative FLSA Collective, and the Rule 23 Class Members, in the amount of their collective unpaid back

3

wages at overtime rates, liquidated damages, triple damages, attorneys' fees, and other relief. (*Id.* at 19–20.)

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (internal quotation marks omitted). For a complaint to be sufficient under Rule 12(b)(6), a plaintiff must assert "[f]actual allegations" that are "enough to raise a right to relief above the speculative level" to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). When considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded allegations. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). However, legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Capital One requests that the Court strike or dismiss Plaintiff's claims on four (4) grounds. (Mem. in Supp. at 1–2.) First, Capital One contends that the Court should not permit Plaintiff to bring a Rule 23 class action for the alleged VOWA violation because to do so would violate the Rules Enabling Act, 28 U.S.C. § 2072(b), which prohibits rules from "abridg[ing], enlarg[ing], or modif[ying]" the parties' substantive rights. (*Id.* at 1.) Second, Capital One asserts that the Court should strike Plaintiff's FLSA collective claims because "Learning Associates" who support different divisions and lines of

4

business are not similarly situated. (*Id.* at 2). Third, Capital One argues that Plaintiff's Amended Complaint fails to allege basic facts, including her compensation, and without such, she cannot maintain a claim for relief. (*Id.*) Fourth, Capital One asserts that the Court should strike Plaintiff's allegations seeking to recover damages beyond the typical two (2) year statute of limitations because Plaintiff fails to allege sufficient facts to show Capital One "willfully" violated the FLSA—since "willful" violations extend the statute of limitations period. (*Id.*)

### A. Virginia Overtime Wage Act and Rule 23 Class Action

Although Capital One recognizes that this Court has permitted Rule 23 class actions for claims under the VOWA, it contends that this decision is erroneous and that the Court should correct its course of action, beginning here. (*See id.* at 5, 7, 15.) Capital One's principal contention is that the VOWA does not permit Plaintiff to bring a class action—where individuals must op-out—but instead, the VOWA only permits Plaintiff to bring a collective action—where individuals must opt-in. (*Id.* at 1, 5, 6.) Applying Rule 23 to bring a VOWA class action under such circumstances, Capital One argues, violates the Rules Enabling Act. (*Id.* at 1, 6.)

As Capital One concedes, the Court recently considered this issue in *Midkiff v. Anthem Companies, Inc.*, 748 F. Supp. 3d 376 (E.D. Va. 2024). (Mem. in Supp. at 1, 5, 7, 15.) In that case, the Court ultimately permitted plaintiffs to bring both an FLSA collective action and a Rule 23 class action based on a VOWA claim in a single lawsuit. *Midkiff*, 748 F. Supp. 3d at 387–88. There, as here, allowing a class action under such circumstances does not violate the Rules Enabling Act. *Id.*

5

Just as Capital One contends in the present matter, the *Midkiff* defendants argued that the Court should not rely on the persuasive precedent set in *Glennon v. Anheuser-Busch, Inc. Id.* at 388. In *Glennon*, Judge Arenda L. Wright Allen applied the *Shady Grove* two-step framework to the VOWA and held that permitting class actions did not violate the Rules Enabling Act. No. 4:21-cv-141, 2022 WL 18937383, at *3–5 (E.D. Va. Sept. 22, 2022) (citing *Shady Grove v. Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)). In doing so, Judge Allen determined that although the statute's opt-in requirement was located alongside the substantive content of the VOWA, the location of that provision was not dispositive. *See id.* at *4. And despite its location, the "the opt-in requirement simply is not part of Virginia's framework of *substantive* rights and remedies—even if, like most procedural rules, it may have some effect on litigation outcomes." *Id.* Accordingly, Judge Allen held that the opt-in/opt-out distinction—the class action/collective action distinction—"is one of procedure" and "Rule 23 applies as a valid exercise of the Rules Enabling Act." *Id.* at 5.

Since *Glennon*, federal courts in Virginia have continued to allow plaintiffs to bring VOWA claims as Rule 23 class actions. *Hatcher v. Hines*, No. 3:23-cv-325, 2024 WL 1158365 (E.D. Va. July 10, 2024) (granting Virginia law Rule 23 class and FLSA conditional collective certification); *Midkiff*, 748 F. Supp. 3d at 388; *Barb v. Heath Consultants, Inc.*, 1:23-cv-58, 2024 WL 3292835, *1 (W.D. Va. July 3, 2024) (granting Rule 23 class and FLSA conditional collective certification).

Certainly, as Capital One argues, other districts have charted a different path. For example, the Southern District of Ohio has held that applying Rule 23 in similar cases

6

would be invalid considering an Ohio state statute's opt-in provision. *Hine v. OhioHealth Corp.*, 680 F. Supp. 3d 861, 869–70 (S.D. Ohio 2023). In reaching its decision, that court emphasized that "it is quite odd that the same plaintiff would be prohibited from applying Federal Rule 23 to her own *federal wage* and hour claim, and yet may apply Federal Rule 23 to her *state* wage and hour claims—in contravention of state law." *Id.* (citing *Glennon*, 2022 WL 18937383, at *3).

Although some courts outside this district have concluded that Rule 23 class actions are impermissible under circumstances like those here, those courts were applying different statutes from different states. The Court does not find persuasive reasons to depart from this district's practice of permitting such claims under Virginia's opt-in statute. Instead, the Court finds, as other federal courts in Virginia have, that the collective action opt-in procedure is not "so intertwined" with the rights and remedies of the VOWA that "it functions to define the scope of the state-created right." *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring). And accordingly, the Court finds that applying Rule 23 to VOWA claims does not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b).

### B. Capital One's Class Certification and "Similarly Situated" Arguments are Premature

Capital One argues that Plaintiff's claims should be stricken "because she has not plausibly alleged that the putative class of Learning Associates satisfies Rule 23's commonality, predominance, and manageability requirements, and her class definition is also improperly fail-safe." (Mem. in Supp. at 5–6, 16–23.) Capital One asserts that the job duties Plaintiff alleges in the Amended Complaint are so vague that they could apply

7

to just about anyone in Capital One's offices. (*Id.* at 2, 18, 21, 24.) On the same grounds, Capital One contends that the Learning Associates are not sufficiently "similarly situated" to support an FLSA collective action. (*Id.* at 2, 24–25.)

Capital One also takes issue (*id.* at 16, 23) with Plaintiff's proposed class definition:

> Any individual who, during any week since December 20, 2021: (1) worked in Virginia for Capital One as a "Learning Associate", (2) was classified as exempt from overtime laws, (3) worked over forty (40) hours in any week, and (4) was not a "people manager" in any such week.

(Am. Compl. at 15.) Capital One contends this definition is impermissibly "fail-safe" because it requires the Court to determine the merits of whether an individual defendant is covered by the FLSA before it can even determine if that employee is a member of the class. (Mem. in Supp. at 22–23.) *See Bryant v. King's Creek Plantation, L.L.C.*, No. 4:20-cv-00061, 2020 WL 6876292, at *2 (E.D. Va. June 22, 2020).

In response, Plaintiff argues that these challenges are premature, but in any case, that she has sufficiently pled facts that meet Rule 23's requirements at this early point in the case. (Resp. in Opp'n at 16–26, ECF No. 21.)

The Court finds that Capital One's attacks relate to certification and that they are premature at this stage. As previously recognized in this district, "'it is seldom, if ever, possible to resolve class representation questions from the pleadings.'" *Fobbs v. Hunt*, No. 3:21-cv-26, 2021 WL 1792087, at *14 (E.D. Va. May 5, 2021) (quoting *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981)). The Court finds that the facts pled by Plaintiff present the possibility that she can

8

satisfy Rule 23's certification requirements and therefore, the Court declines to dismiss or strike her claims at this early stage in the case.

Likewise, Capital One has provided insufficient support for its argument that Plaintiff's FLSA collective action should be stricken. Typically, courts in this district afford plaintiffs an opportunity to make a minimal evidentiary showing that they can meet the substantive requirements of 29 U.S.C. § 216(b) before determining whether they can proceed as a collective. *See LaFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 467–68 (E.D. Va. 2014). Although Capital One cites district court opinions which found that a collective action claim may be dismissed at the pleading stage where a complaint fails to sufficiently allege the attributes of the similarly situated employees, Capital One has not shown that Plaintiff fails to meet that standard here. (Reply in Supp. at 18, ECF No. 23 (citing *Melendez v. G4S Secure Sols. (USA) Inc.*, No. 20-cv-24213, 2020 WL 10140956, at *2 (S.D. Fla. Dec. 11, 2020)).) Capital One attacks the fact that "the putative class members work across multiple seniority levels, supporting every division, department, and line of business nationwide which engages in training of its employees, and work for different supervisors." (*Id.*) Presnetly, however, these attacks are insufficient to show the putative class is not similarly situated where Plaintiff alleges they are all HR employees performing similar roles and who engage in a "cross-calibration process" to ensure they remain compliant with some uniform standards. (Am. Compl. at 11–13.) Consequently, Capital One fails to persuade the Court that Plaintiff's FLSA collective allegations should be stricken.

### C. Whether the Court should Dismiss Plaintiff's Individual Claims Under Rule 12(b)(6)

Capital One raises two primary arguments regarding whether Plaintiff has sufficiently alleged an FLSA overtime claim. First, Capital One contends that although Plaintiff alleges she worked 50 hours per week, she does not specify whether those hours were in the office or were spent via remote work. (Mem. in Supp. at 26.) Second, Plaintiff does not allege why Capital One expected her to work more than forty (40) hours per week—for example, she does not allege that company policy or her supervisor directed her to work that many hours. (*Id.*)

In opposition, Plaintiff contends that, under Fourth Circuit precedent, "to state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.'" (Resp. in Opp'n at 24–25) (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017)) (internal quotations marks omitted). Plaintiff meets that standard here, she contends, because her Amended Complaint includes details that she typically worked more than 50 hours each week, that she worked 7:30 am to 4:00 pm while at the West Creek campus, and that she worked from 6:30 am to 4:00 pm when working at home (in addition to sporadic amounts of time spent working during evenings and weekends). (Am. Compl. at 4–5.) Plaintiff also specifically alleges that she created PowerPoint slide decks on weekends and while on vacation. (*Id.*)

Although this is a close case, Plaintiff pleads just enough to meet the Fourth Circuit's test on the facts presented here. Plaintiff alleges specifics about the number of

10

hours of her typical work week and gives examples of her exact work hours and provided the type of work she would typically do during overtime hours (preparing PowerPoint slide decks). (*Id.* at 5.) In so doing, she alleges detailed facts. Ultimately, given Plaintiff's position, the type of work she performed for her employer, and the facts she asserts about her schedule, the Court is not persuaded that she fails to plead a plausible FLSA claim here. Consequently, the Court cannot grant Capital One's Motion to Dismiss on the premise that Plaintiff fails to state a claim.

### D. "Willful" Violation of FLSA to Extend Statute of Limitations

"Under the FLSA, a two-year limitations period applies, except in the case of a willful violation." 29 U.S.C. § 255(a); *McNeil v. Faneuil, Inc.*, No. 4:15-cv-81, 2016 WL 11673834, at *2 (E.D. Va. Apr. 13, 2016). The same rule applies under Virginia law. Va. Code § 40.1-29.2 (adopting the FLSA's "applicable limitations"). (Mem. in Supp. at 27.) To plead a willful violation, a plaintiff need not meet the particularity requirements under Rule 9 but must satisfy Rule 8 by at least "alleg[ing] facts that permit a plausible inference that the defendant willfully violated the FLSA . . . ." *Avila-Soto v. S. Cent. Sugar Cane Growers Ass'n Inc.*, No. 6:24-cv-1392, 2025 WL 945573, at *3 (W.D. La. Feb. 10, 2025) (quoting *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021)). In short, at the pleading stage, some factual indication must exist that the FLSA violation at issue was willful. *See Whiteside*, 995 F.3d at 320 ("[A] plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply . . . .").

11

facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply . . . .").

Plaintiff meets that standard here. Capital One is a longstanding, sophisticated entity employing a large number of people and is familiar with FLSA's requirements. Capital One had total control over the work requirements of the Learning Associates as they were full-time employees, Capital One set their duty requirements, and Capital One engaged in regular "cross-calibrations" to ensure the Learning Associates were meeting its requirements. (Am. Compl. at 2, 8–9, 11, 17.) Under these circumstances, the Court can infer that, because Capital One had sufficient knowledge and control over the Learning Associates over a time period of more than several years, to the extent that Capital One has violated the FLSA in setting and managing Plaintiff's work environment, the Amended Complaint here provides enough facts to support Plaintiff's claim that such violation was willful.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Capital One's Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: Sept. 10, 2025
Richmond, Virginia

13